IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MARK OTIS BOATWRIGHT,

           Plaintiff

    VS.

OFFICER SANFORD, *et al.*,

           Defendants

NO. 5:05-CV-269 (DF)

**PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U. S. MAGISTRATE JUDGE**

## RECOMMENDATION OF DISMISSAL

Plaintiff MARK OTIS BOATWRIGHT is an inmate in the custody of the State of Georgia. He has sued defendants OFFICER SANFORD and ALEXIS CHASE, WARDEN, alleging that they violated his constitutional rights while he was detained at the Men's State Prison in Hardwick, Georgia. The plaintiff avers that defendants improperly opened his legal mail.

Before the court is the defendants' **MOTION TO DISMISS**. Tab #16. On November 25, 2005, the plaintiff was ordered to file a response to the defendants' motion. Tab #17. The plaintiff has complied with the court's order. Tabs #23 and #20.

Under 42 U.S.C. §1997e(a), a prison inmate is required to exhaust all available administrative remedies before filing suit under §1983. The 11th Circuit has held that in order to satisfy the exhaustion requirement of §1997e(a), an inmate incarcerated by the state prison system must first comply with the grievance procedure established by the state before filing a federal suit. *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999). This includes seeking leave to file an out-of-time grievance if a grievance is denied as untimely. *Harper v. Jenkin*, 179 F.3d 1311 (11th Cir. 1999). This requirement prevents inmates from doing an end-run around §1997e(a) and gaining access to federal courts by merely filing an untimely grievance. *Id*. In deciding if an inmate has exhausted all available remedies, the court will not examine the effectiveness of the remedy but focus solely on whether the administrative remedies available were exhausted. *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998).

In considering whether plaintiff BOATWRIGHT has exhausted his administrative remedies, the undersigned has reviewed the plaintiff's assertions and finds that he has failed to exhaust such remedies. At the present time, plaintiff's grievance appeal is still pending.  Because plaintiff's grievance appeal is still pending, he cannot be said to have exhausted his administrative remedies.

Accordingly, IT IS RECOMMENDED that the plaintiff's claims be **DISMISSED** *without prejudice*.[1]  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 7th day of DECEMBER, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] Dismissal for failure to exhaust administrative remedies are always without prejudice.

2