IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MARK OTIS BOATWRIGHT,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| vs. | : | **5:05-cv-269 (DF)** |
| | : | |
| **OFFICER SANFORD, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**O R D E R**

This order is in reference to the Report and Recommendation (doc. 21) that United States Magistrate Judge Claude W. Hicks, Jr. filed in this case on December 7, 2005. The Report recommended that this Court grant Defendants' Motion to Dismiss (doc. 16). Neither party filed an objection to the Magistrate Judge's Recommendation.

As the Magistrate Judge noted in his Report, this Court lacks jurisdiction to hear Plaintiff's claims because Plaintiff, an inmate in the custody of the State of Georgia, did not exhaust his administrative remedies before filing the present § 1983 action. *See* 42 U.S.C. § 1997e(a) (West 2005); ***Porter v. Nussle***, 534 U.S. 516, 524 (2002); Compl., doc. 1, at 2; Sarah

Draper Aff., Ex. A, Defs.' Mot. Dismiss.[1]

Accordingly, Defendants' Motion to Dismiss (doc. 16) is hereby **GRANTED**.

SO ORDERED, this 28th day of September, 2006.

/s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/jab

---

[1] This Court's reliance on evidence outside of the pleadings does not warrant conversion of Defendants' Rule 12(b)(1) Motion to Dismiss into a motion for summary judgment. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 n. 6 (11th Cir. 2001). "Factually-based attacks on subject matter jurisdiction, such as the one in this case, 'challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, *and matters outside the pleadings, such as testimony and affidavits, are considered.*'" *Id*. (quoting *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999) (emphasis added)).